

**Computershare Governance Services, Inc.**

100 Beard Sawmill Road, Shelton, CT 06484

12/31/2021

Wendy's Old Fashioned Hamburgers of New York, LLC
Ben Hubble
Wendy's International, LLC
One Dave Thomas Blvd.
Dublin OH 43017

# SERVICE OF PROCESS NOTICE

Item: 2021-424

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| # | Field | Value |
|---|---|---|
| 1. | **Entity Served:** | Wendy's Old Fashioned Hamburgers of New York, LLC |
| 2. | **Title of Action:** | Tracy Giannette vs. Wendy's Old Fashioned Hamburgers of New York, LLC; et al. |
| 3. | **Document(s) Served:** | Summons<br>Civil Tracking Order<br>Civil Action Cover Sheet<br>Complaint and Demand for Jury Trial |
| 4. | **Court/Agency:** | Worsester Superior Court |
| 5. | **State Served:** | Massachusetts |
| 6. | **Case Number:** | 2185CV01112 |
| 7. | **Case Type:** | Slip and Fall- Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 12/30/2021 |
| 10. | **Date to Client:** | Friday 12/31/2021 |
| 11. | **# Days When Answer Due:<br>Answer Due Date:** | 20<br>Wednesday 01/19/2022    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Scott K. DeMello<br>Warwick, RI<br>(401) 739-7397 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 221 |
| 16. | **Notes:** | Also Attached:<br>* Motion for Special Process Server |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 l www.cgsregisteredagent.com

| Summons | CIVIL DOCKET NO. 2185CV01112 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Tracy Giannette Plaintiff(s) vs. Wendy's Old Fashioned Hamburgers of New York, LLC et al Defendant(s) | | Dennis P. McManus  Clerk of Courts Worcester  County COURT NAME & ADDRESS: Worcester Superior Court 225 Main Street Worcester, MA 01608 |

THIS SUMMONS IS DIRECTED TO Wendy's Old Fashioned Hamburgers of New York, LLC (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Scott K. DeMello, Esq. 117 Metro Center Blvd. Suite 2001, Warwick, RI 02886

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

D.H. KAMINS * PROCESS SERVER
& DISINTERESTED PERSON
DATE* 12/30/21

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Breger , Chief Justice on October 8 , 20 21 . (Seal)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

Dated: _____    Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2185CV01112 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Giannette, Tracy vs. Wendy's Old Fashioned Hamburgers Of New York, LLC et al | | Dennis P. McManus, Clerk of Courts |
| TO: Scott DeMello, Esq. Lepizzera and Laprocina 117 Metro Center Boulevard Suite 2001 Warwick, RI 02886 | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** — **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/06/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 02/07/2022 | |
| All motions under MRCP 12, 19, and 20 | 02/07/2022 | 03/07/2022 | 04/06/2022 |
| All motions under MRCP 15 | 02/07/2022 | 03/07/2022 | 04/06/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/04/2022 | | |
| All motions under MRCP 56 | 09/06/2022 | 10/03/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/31/2023 |
| Case shall be resolved and judgment shall issue by | | | 10/09/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/30/2021 | Anne O'Connor | |

Date/Time Printed: 11-30-2021 10:13:46 — SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Tracy Giannette | | **COUNTY** |
| **ADDRESS:** 5 Tri-Town Dive Apt. 203 Lunenburg, MA 01462 | **DEFENDANT(S):** | Wendy's Old Fashioned Hamburgers of New York, LLC, Wendy's Old Fashioned Hamburgers of New York, Inc., William J. Zanke Trustee of 702 Southbridge Street Realty Trust and John Does 1-5 |
| **ATTORNEY:** Scott K. DeMello, Esq. | | |
| **ADDRESS:** Lepizzera & Laprocina 117 Metro Center Blvd. Suite 2001 Warwick, RI 02886 | **ADDRESS:** | As to Defendants 1 and 2 - 702 Southbridge Street, Worcester, MA As to Defendant 3 - 122 Lakeshore Drive, #534, North Palm Beach, FL |
| **BBO:** 566981 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury- Slip and Fall | F | [x] YES   [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .......................................................................... $ 81,261.41
  2. Total doctor expenses ............................................................................ $
  3. Total chiropractic expenses .................................................................... $ 0.00
  4. Total physical therapy expenses ............................................................ $
  5. Total other expenses (describe below) .................................................. $ 3,544.62
  All Care Medical Supply, Therapy and Ambulance
                                                                        Subtotal (A): $
B. Documented lost wages and compensation to date ................................. $ TBD
C. Documented property damages to dated ................................................ $ 0.00
D. Reasonably anticipated future medical and hospital expenses ................ $ TBD
E. Reasonably anticipated lost wages .......................................................... $ TBD
F. Other documented items of damages (describe below) ........................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Left Hip, right shoulder, arm and neck pain due to the Slip and Fall

                                                                        TOTAL (A-F): $ 84,806.03

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Plaintiff slipped and fell due to defendant's negligence

                                                                        TOTAL: $ $84,806.03

Signature of Attorney/Pro Se Plaintiff: X  /s/ Scott K. DeMello, Esq.           Date: Oct 8, 2021

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X   /s/ Scott K. DeMello, Esq.                Date: Oct 8, 2021

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Worcester, SS                                           C.A. No.:

```
_____
                              )
Tracy Giannette               )
            Plaintiff         )
                              )
    vs.                       )
                              )
Wendy's Old Fashioned Hamburgers )
of New York, LLC;             )
Wendy's Old Fashioned Hamburgers )
of New York, Inc.             )
William J. Zanke, Trustee of  )
702 Southbridge Street Realty Trust; )
And John Does 1-5             )
            Defendant         )
_____)
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tracy Giannette ("plaintiff" or "Giannette") by way of her Complaint filed against defendants Wendy's Old Fashioned Hamburgers of New York, LLC (sometimes, "defendant" or "WOFH LLC"), Wendy's Old Fashioned Hamburgers of New York, Inc. (sometimes, "defendant" or "WOFH Inc."), William J. Zanke, Trustee of 702 Southbridge Street Realty Trust (sometimes, "defendant" or "Zanke"), and John Does 1-5 (sometimes, "defendant" or "John Doe Defendants") (sometimes collectively, WOFH LLC, WOFH Inc., Zanke and the John Doe Defendants will be referred to herein as the "defendants"), alleges as follows:

### Parties

1.  Plaintiff is a natural individual and a resident of Lunenberg, Massachusetts.

2.  Upon information and belief, defendant WOFH LLC is and was, at all relevant times hereto, a Ohio limited liability company authorized to do business in the Commonwealth of

1

Massachusetts and the owner and/or operator of a restaurant commonly doing business as Wendy's at 702 Southbridge Street, Worcester, Massachusetts (the "Premises").

3. Upon information and belief, defendant WOFH Inc. is and was, at all relevant times hereto, a Ohio corporation authorized to do business in the Commonwealth of Massachusetts and the owner and/or operator of a restaurant commonly doing business as Wendy's at the Premises.

4. Upon information and belief, defendant Zanke was, at all relevant times hereto, the title owner to the Premises.

5. John Doe Defendants consist of those individuals, corporations, limited liability companies, partnerships and other legally recognized entities whose names and identities are presently unknown to plaintiff but may be revealed during the course of this litigation, and that have or had, at the times relevant to this action, acted negligently or carelessly with respect to the matters complained of in this legal action which contributed to the injuries suffered by plaintiff.

## Statement of Facts

6. On or about October 11, 2018, plaintiff visited the Premises by entering the Wendy's restaurant which was being operated on said Premises.

7. At all times relevant hereto, plaintiff was lawfully on the Premises as an invitee of the Wendy's restaurant (and concomitantly, all defendants) and was in the exercise of due care.

8. Upon information and belief, at all times relevant to this cause of action, WOFH LLC, WOFH Inc., Zanke and/or the John Doe Defendants either owned or operated the Wendy's restaurant on the Premises.

9. At all times relevant hereto, WOFH LLC, WOFH Inc., Zanke and the John Doe Defendants together with their agents, servants and employees were in the exclusive possession and control of the Premises.

10. While a patron of Wendy's restaurant on the Premises on October 11, 2018,

plaintiff suffered significant bodily injuries when she slipped and fell in the Wendy's restroom which was caused, inter alia, by defendants' failure to properly maintain the restroom in a safe condition which condition includes but is not limited to (i) maintaining a leaky toilet in the restaurant's public restroom; (ii) failing to periodically check the condition of the restroom; and (iii) failing to warn the public invitees of the leaky toilet.

11. WOFH LLC, WOFH Inc., Zanke and the John Doe Defendants and their respective agents, servants and employees carelessly and/or negligently created, caused or allowed a hazardous, dangerous and/or defective condition to exist on the Premises which constituted an area known by the defendants to be a common area and frequently used by invitees, customers, guests and members of the public entering and exiting the Wendy's restaurant located on the Premises.

12. The defendants knew or should have known of the hazardous, dangerous and/or defective condition(s) existing on the Premises on October 11, 2018.

13. The defendants including their respective agents, servants, and employees, failed to warn plaintiff of the hazardous, dangerous and/or defective condition(s) existing on the Premises on October 11, 2018.

14. As a direct and proximate result of the negligence, carelessness and recklessness of all defendants and their respective agents, servants and/or employees, plaintiff was temporarily and permanently injured, suffered great pain of the body and mind, incurred expenses for medical attention and medicines and suffered other compensatory damages allowed by law.

15. The defendants are liable for the losses sustained by plaintiff.

## Causes of Action

### Count I
### General Negligence – WOFH LLC

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 15 of her Complaint

as if fully set forth herein.

17. As the operator of a business located on the Premises, WOFH LLC owed plaintiff and other invitees, customers, guests and members of the public a duty of care to keep the Premises, including its restrooms, in a safe condition.

18. WOFH LLC breached the duty of care it owed to plaintiff.

19. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH LLC and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count II
### General Negligence – WOFH Inc.

20. Plaintiff re-alleges and reincorporates paragraphs 1 through 19 of her Complaint as if fully set forth herein.

21. As the operator of a business located on the Premises, WOFH Inc. owed plaintiff and other invitees, customers, guests and members of the public a duty of care to keep the Premises, including its restrooms, in a safe condition.

22. WOFH Inc. breached the duty of care it owed to plaintiff.

23. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH Inc. and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count III
### General Negligence – Zanke

24. Plaintiff re-alleges and reincorporates paragraphs 1 through 23 of her Complaint as if fully set forth herein.

25. As the owner of the real property and the Premises, Zanke owed plaintiff and other invitees, customers, guests and members of the public a duty of care to keep the Premises, including its restrooms, in a safe condition.

26. Zanke breached the duty of care it owed to plaintiff.

27. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against Zanke and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count IV
### General Negligence - John Doe Defendants

28. Plaintiff re-alleges and reincorporates paragraphs 1 through 27 of her Complaint as if fully set forth herein.

29. As the owner and operator of the business located on the Premises, the John Doe Defendants owed plaintiff and other invitees, customers, guests and members of the public a duty of care to keep the Premises, including its restrooms, in a safe condition.

30. The John Doe Defendants breached the duty of care it owed to plaintiff.

31. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against the John Doe Defendants and asks this Court to award her compensatory damages, prejudgment and post judgment interest,

costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

### Count V
### Negligence (Premises Liability) – WOFH LLC

32. Plaintiff re-alleges and reincorporates paragraphs 1 through 31 of her Complaint as if fully set forth herein.

33. As the owner and operator of a business located on the Premises, WOFH LLC owed plaintiff and others reasonably expected to be on the Premises a duty to exercise reasonable care for their general safety as well as an obligation to protect against the risks of a dangerous condition existing on the Premises.

34. WOFH LLC breached the duty of care owed to Giannette by failing to maintain the Premises in a reasonably safe condition.

35. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH LLC and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

### Count VI
### Negligence (Premises Liability) – WOFH Inc.

36. Plaintiff re-alleges and reincorporates paragraphs 1 through 35 of her Complaint as if fully set forth herein.

37. As the owner and operator of a business located on the Premises, WOFH Inc. owed plaintiff and others reasonably expected to be on the Premises a duty to exercise reasonable care for their general safety as well as an obligation to protect against the risks of a dangerous condition existing on the Premises.

38. WOFH Inc. breached the duty of care owed to Giannette by failing to maintain the Premises in a reasonably safe condition.

39. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH Inc. and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count VII
### Negligence (Premises Liability) – Zanke

40. Plaintiff re-alleges and reincorporates paragraphs 1 through 39 of her Complaint as if fully set forth herein.

41. As the owner of the real property and the Premises, Zanke owed plaintiff and others reasonably expected to be on the Premises a duty to exercise reasonable care for their general safety as well as an obligation to protect against the risks of a dangerous condition existing on the Premises.

42. Zanke breached the duty of care owed to Giannette by failing to maintain the Premises in a reasonably safe condition.

43. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against Zanke and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count VIII
### Negligence (Premises Liability) – John Doe Defendants

44. Plaintiff re-alleges and reincorporates paragraphs 1 through 43 of her Complaint as

if fully set forth herein.

45. As the owner and operator of a business located on the Premises, the John Doe Defendants owed plaintiff and others reasonably expected to be on the Premises a duty to exercise reasonable care for their general safety as well as an obligation to protect against the risks of a dangerous condition existing on the Premises.

46. The John Doe Defendants breached the duty of care owed to Giannette by failing to maintain the Premises in a reasonably safe condition.

47. As a direct and proximate result of said breach, plaintiff suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against the John Doe Defendants and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count IX
### Negligence (Failure to Warn) – WOFH LLC

48. Plaintiff re-alleges and reincorporates paragraphs 1 through 47 of her Complaint as if fully set forth herein.

49. As the owner and operator of a business located on the Premises, WOFH LLC owed plaintiff and others reasonably expected to be on the Premises a duty to warn them of any hazardous, dangerous and/or defective condition(s) existing on the Premises.

50. WOFH LLC breached said duty by failing to warn plaintiff of the hazardous, dangerous and defective condition(s) which existed on the Premises.

51. As a direct and proximate result of said breach, Giannette suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH LLC and asks this

Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count X
### Negligence (Failure to Warn) – WOFH Inc.

52. Plaintiff re-alleges and reincorporates paragraphs 1 through 51 of her Complaint as if fully set forth herein.

53. As the owner and operator of a business located on the Premises, WOFH Inc. owed plaintiff and others reasonably expected to be on the Premises a duty to warn them of any hazardous, dangerous and/or defective condition(s) existing on the Premises.

54. WOFH Inc. breached said duty by failing to warn plaintiff of the hazardous, dangerous and defective condition(s) which existed on the Premises.

55. As a direct and proximate result of said breach, Giannette suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against WOFH Inc. and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

## Count XI
### Negligence (Failure to Warn) – Zanke

56. Plaintiff re-alleges and reincorporates paragraphs 1 through 55 of her Complaint as if fully set forth herein.

57. As the owner of the real property and the Premises, Zanke owed plaintiff and others reasonably expected to be on the Premises a duty to warn them of any hazardous, dangerous and/or defective condition(s) existing on the Premises.

58. Zanke breached said duty by failing to warn plaintiff of the hazardous, dangerous and defective condition(s) which existed on the Premises.

59. As a direct and proximate result of said breach, Giannette suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against Zanke and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

### Count XII
### Negligence (Failure to Warn) – John Doe Defendants

60. Plaintiff re-alleges and reincorporates paragraphs 1 through 59 of her Complaint as if fully set forth herein.

61. As the owner and operator of a business located on the Premises, the John Doe Defendants owed plaintiff and others reasonably expected to be on the Premises a duty to warn them of any hazardous, dangerous and/or defective condition(s) existing on the Premises.

62. The John Doe Defendants breached said duty by failing to warn plaintiff of the hazardous, dangerous and defective condition(s) which existed on the Premises.

63. As a direct and proximate result of said breach, Giannette suffered damages in an amount to be proven at trial.

Wherefore, plaintiff demands judgment in her favor against the John Doe Defendants and asks this Court to award her compensatory damages, prejudgment and post judgment interest, costs, reasonable attorney's fees and any other relief this court deems just and appropriate.

### Demand For Jury Trial

Plaintiff hereby claims a trial by jury on all issues so triable.

Plaintiff,
Tracy Giannette,
By and through her Attorney,

/s/ Scott K. DeMello
Scott K. DeMello (BBO#566981)
LEPIZZERA & LAPROCINA COUNSELLORS AT LAW, LTD.
117 Metro Center Boulevard, Suite 2001
Warwick, Rhode Island 02886
Tel. (401) 739-7397
Fax (401) 691-3581
Email: SDeMello@LepLap.com

Dated: October 8, 2021

11

**E-FILED**

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

Worcester, SS　　　　　　　　　　　　　　　　C.A. No.: 2185CV01112C

|  |  |
|---|---|
| Tracy Giannette<br>　　　　Plaintiff<br><br>vs.<br><br>Wendy's Old Fashioned Hamburgers<br>of New York, LLC;<br>Wendy's Old Fashioned Hamburgers<br>of New York, Inc.<br>William J. Zanke, Trustee of<br>702 Southbridge Street Realty Trust;<br>And John Does 1-5<br>　　　　Defendant | **FILED**<br>NOV 19 2021<br>ATTEST: _____ CLERK |

## MOTION FOR SPECIAL PROCESS SERVER

Now comes the Plaintiff, Tracy Giannette, and respectfully requests that this Honorable Court appoint Adam Loomis, Constable of Massachusetts, a disinterested person over the age of eighteen as special process server to serve the Defendants, Wendy's Old Fashioned Hamburgers of New York, LLC, Wendy's Old Fashioned Hamburgers of New York, Inc., and William J. Zanke, Trustee of 702 Southbridge Street Realty Trust, or their agents for service of process in the within matter.

WHEREFORE, the Plaintiff respectfully moves this Honorable Court appoint Adam Loomis as special process server in the within matter.

Respectfully Submitted,

/s/ Scott K. DeMello
Scott K. DeMello (BBO#566981)
Lepizzera & Laprocina Counsellors at Law
117 Metro Center Blvd., Suite 2001
Warwick, RI 02886
Ph: 401-739-7397
email: sdemello@leplap.com

Dated: November 19, 2021

SO ORDERED

_James G. Reardon_
Associate Justice

E-Documents sent 11/30/21 November 24, 2021

ATTEST: _____ A. Clerk

DEC 3 0 2021